ALLEN A. FISKE *vs.* H. E. DUNBAR & COMPANY.

Hancock.    Opinion November 24, 1919.

*General rule of the law of sales that delivery of personal property at the place agreed upon or designated by the vendee is a completed delivery and operates as a perfected transfer of the property. Rule as to right of inspection by buyer or vendee even though property is delivered at place agreed upon. General rules covering the right of rejection by vendee or buyer. When the right of rejection must be exercised. Rule as to silence and delay in rejecting being evidence of acceptance. Burden of proof. Remedies of vendee of personal property after receiving possession of same.*

Action of assumpsit to recover the balance due for certain wood. The defendant claimed that the wood was not of the contract quality and had never been accepted. The jury found for the plaintiff.

On defendant's motion for new trial it is,

*Held:*

1.    Whether defendant's agent had the right to accept the wood in its behalf was a question of fact for the determination of the jury.

2.    Delivery of personal property at the place agreed upon operates as a perfected transfer, but such delivery does not preclude the buyer from the right of examination in order to ascertain whether the goods are of the contract quality and to reject them in case they are not.

3.    The right of rejection however must be exercised within a reasonable time or it is lost, and the sale becomes absolute. Silence and delay for an unreasonable time are conclusive evidence of acceptance.

4.    The jury were justified under the facts in this case in finding that the right of rejection, if one had existed, had been lost.

Action of assumpsit to recover the value of certain stave wood sold and delivered to defendant. Defendant filed plea of general issue. Verdict for plaintiff in the sum of $175.62. Defendant filed motion for new trial. Motion overruled.

Case stated in opinion.

*W. E. Whiting,* for plaintiff.

*W. C. Conary,* for defendants.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, MORRILL, DEASY, JJ.

CORNISH, C. J.  Action of assumpsit to recover the balance due for certain stave wood sold to the defendants under a verbal contract made in the Fall of 1917.  The quantity was to be one hundred cords more or less, the quality according to the plaintiff's testimony was to be anything that staves could be made out of, including hemlock, cedar and poplar if good; according to the defendant, "Extra spar growth wood;" the size not less than four inches in diameter at the top; the price, five dollars per cord, the place of delivery, Toddy Pond.  Sixty and one-eighth cords were cut, hauled and landed at the specified place during the ensuing Winter of 1917-18.  Of this, forty-seven and one-eighth cords were of spruce, fir, pine and cedar, twelve cords of poplar, one cord of hard wood and about three cords were under four inches at the top.  Three payments aggregating $105 were made on account of the purchase price during the progress of the work.  The work was completed about the last of March, 1918.  In June the parties met and the plaintiff demanded the balance due while the defendant Dunbar demanded the return of the $105 already paid.  This suit followed and the plaintiff having secured a verdict of one hundred and seventy dollars and sixty-two cents the defendants brought the case to this court on general motion.

The contention which the defendants urge most strongly is that there was no acceptance of the wood by them and therefore this action cannot lie.

In answer to this the plaintiff says in the first place that there was a virtual acceptance in fact; that Mr. Grindal who was in the employ of the defendants as a foreman in woods operations, and who represented them in designating the landing place of this particular lot,

was familiar with its quality, placed the caps upon the piles so that they might float, never made the slightest objection, and on the contrary sent word to the defendant, Dunbar, that it was all right. The defendants reply that Grindal had no authority to accept the wood in their behalf. This then became a question of disputed fact, which the jury were obliged to pass upon.

In the second place, it is a general rule of the law of sales that delivery of personal property at the place agreed upon or designated by the vendee is a completed delivery, and operates as a perfected transfer of the property. *Lombard* v. *Paper Co.*, 101 Maine, 114-119. There is some evidence in this case as to whether this wood was landed at the proper place, but it is clear that the landing was approved by the defendants' foreman, Mr. Grindal, and in their brief the defendants now state that that question is not raised in this court.

Delivery however at the designated place does not absolutely preclude the buyer from the right of examination in order to ascertain whether the goods are of the contract quality and to reject them in case they are not. The acceptance implied from such delivery may be considered as conditional to that extent. There are limitations however upon that right of rejection. The rule of law which governs under such conditions has been stated by this court as follows: ''But the right of rejection must be for good cause and not upon false or frivolous grounds. And the right must be exercised within a reasonable time or it is lost and the sale becomes absolute. Silence and delay for an unreasonable time are conclusive evidence of acceptance. The burden of action is upon the buyer and he must seasonably notify the seller of his refusal to accept the goods.'' *White* v. *Harvey*, 85 Maine, 212; *Greenleaf* v. *Hamilton*, 94 Maine, 118-121.

Under this rule the jury were amply justified in finding the right of rejection here to have been lost. The work was completed by March 27th and the wood all landed on Toddy Pond. The plaintiff, as he says, then requested the defendant, Dunbar, to measure the wood, and on the day before the plaintiff moved away, which was about the first of April, Dunbar did go to the landing and examine the wood, but did not stop at the plaintiff's house, which was nearby, nor did he notify him by letter or otherwise that he would not accept the wood. It was not until early in June that he so notified him. That was the first intimation that the plaintiff had that the quality was unsatisfactory and the wood rejected.

Surely this silence and delay were for an unreasonable time, and are strong if not conclusive evidence of acceptance. At least the defendants led the plaintiff to so believe and he had a right to act on that belief. Actual acceptance may be inferred from the conduct of the parties and such inference was legitimate here.

The defendants refer to the fact that the verdict although for the plaintiff was not for the full amount claimed, a compromise verdict as they term it, and urge that it should have been either for the plaintiff for the full amount or else for the defendants. Not necessarily so. The vendee after receiving possession of goods has three remedies against the vendor for a breach of warranty of quality; first, the right to reject the goods if the title has not passed; second, a cross action for damages for the breach; third, a right to set up the breach in an action for the purchase price and thereby diminish the amount recoverable. *Morse* v. *Moore*, 83 Maine, 473-483. In this case the last remedy was adopted and the defendants introduced considerable evidence tending to show inferior quality. The jury seem to have been influenced to some extent thereby, because their verdict shows a reduction from the full amount claimed.

The entry should be,

*Motion overruled.*